**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

REGINA ETHERIDGE,            :

    Plaintiff,            :

vs.                          :        CA 09-0226-C

MICHAEL J. ASTRUE,           :
Commissioner of Social Security,

                                    :

    Defendant.

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Commissioner's unopposed motion for entry of judgment under sentence four of 42 U.S.C. § 405(g) with remand of this cause for further administrative proceedings (Doc. 23).[1] The defendant's motion to remand reads, in relevant part, as follows:

> Upon further review of the case, the Commissioner believes the cause should be remanded for further administrative proceedings. If the Court grants this motion, the Appeals Council would direct the ALJ not to rely on the findings of the

---

[1] The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 17 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 18 (order of reference))

>non-physician single decision maker who filled out an assessment for the state agency (Tr. 239-45). The Appeals Council would also direct the ALJ to obtain a consultative examination, evaluate all medical source evidence, reevaluate Plaintiff's residual functional capacity, and, if warranted, obtain vocational expert testimony.

(*Id.* at 1-2)

The motion to remand reveals that counsel for the defendant, Alexess D. Rea, Esquire, notified plaintiff's counsel, William Coplin, Jr., Esquire, of the contents of the motion and was advised by plaintiff's counsel that he would interpose no objection to the requested relief. (*Id.* at 2)

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" the Court **ORDERS** that this cause be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 12th day of November, 2009.

　s/WILLIAM E. CASSADY　　　　
**UNITED STATES MAGISTRATE JUDGE**